**MING JIAN HUANG a.k.a. Wang Lin Wei, Jin Yong Chen, Petitioners,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

Nos. 07–5731–ag (L), 07–5733–ag (Con).

United States Court of Appeals, Second Circuit.

Oct. 6, 2008.

Gary J. Yerman, New York, NY, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Monica G. Antoun, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT A. KATZMANN, and Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Petitioners Ming Jian Huang and Jin Yong Chen, natives and citizens of China, seek review of the November 29, 2007 orders of the BIA denying their motions to reopen. *In re Ming Jian Huang,* No. A72 831 014 (B.I.A. Nov. 29, 2007); *In re Jin Yong Chen,* No. A96 260 141 (B.I.A. Nov. 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history of these cases.

As an initial matter, we note that Huang and Chen waive any challenge to the BIA's decision insofar as it found that they failed to establish *prima facie* eligibility for CAT relief on account of their illegal departures from China. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). However, contrary to the government's argument, we find that Huang and Chen sufficiently exhausted before the BIA the issue of eligibility for CAT relief on account of a likelihood of forcible sterilization.

In reviewing the BIA's denial of a motion to reopen, we have remained mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) ("Motions for reopening of immigration proceedings are disfavored for the same reasons as are petitions for rehearing and motions for a new trial on the basis of newly discovered evidence. This is especially true in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.") (citation omitted). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

 We find that the BIA did not abuse its discretion in denying Huang's motion to reopen as number-barred. Because Huang filed his first motion to reopen in March 2002, there is no dispute that his second motion to reopen filed in January 2005 was number-barred. *See* 8 C.F.R. § 1003.2(c)(2). However, there is no numerical limit for filing a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Here, however, the BIA properly found that Huang's motion did not qualify for such an exception. Indeed, it is well-settled that the birth of U.S. citizen children is not evidence of changed conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005) (finding that the birth of U.S. citizen children constitutes a change in personal circumstances, not a change in country conditions, and therefore does not establish an exception to the filing deadline for motions to reopen). Furthermore, the BIA correctly found that the country condition evidence that Huang submitted was not new or previously unavailable as required by 8 C.F.R. § 1003.2(c)(3)(ii), where all of said evidence pre-dated his August 2003 merits hearing. Thus, because the BIA did not err in finding that Huang failed to demonstrate changed country conditions in China, it did not abuse its discretion in denying his motion to reopen as number-barred. *See* 8 C.F.R. § 1003.2(c)(2).

 As for Chen's motion to reopen, we find that the BIA did not abuse its discretion in concluding that she failed to demonstrate *prima facie* eligibility for asylum, withholding of removal, and CAT relief.[1] As with Huang's motion to reopen, the BIA properly considered the evidence that Chen submitted, and correctly found that the documents pre-dated her August 2003 merits hearing. *See* 8 C.F.R. § 1003.2(c)(1); *see also Norani v. Gonzales,* 451 F.3d 292, 294 & n. 3 (2d Cir. 2006). Moreover, the BIA compared vari-

---

1. Where, as here, an applicant's claims for asylum, withholding of removal, and CAT relief are all based upon the same factual predicate, the withholding of removal and CAT claims necessarily fail if the applicant is un- able to show the objective likelihood of persecution needed to demonstrate a well-founded fear of persecution. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

ous U.S. Department of State reports with the Aird affidavit, and reasonably concluded that the evidence did not indicate that Chinese citizens returning to China with foreign-born children are subject to forced sterilization or other harm rising to the level of persecution. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274–275 (2d Cir.2006) (affirming the BIA's summary consideration and rejection of the "oft-cited Aird affidavit, which the BIA is asked to consider time and again," as evidence that Chinese citizen parents of foreign born children have an objective fear of forced sterilization or abortions). Likewise, the BIA properly found that Chen's relatives' letters, which she had submitted to the IJ prior to her merits hearing, did not provide evidence that she would be persecuted if removed to China where the letters detailed the forced abortion and sterilization of individuals who, unlike Chen, had children born in China. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (recognizing that "[o]bjective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to his native country"). Accordingly, as the BIA properly considered the evidence in the record and reasonably concluded that neither the general country condition evidence nor the more particularized evidence demonstrated that someone in Chen's circumstances would have a reasonable fear of persecution, the BIA did not abuse its discretion in finding that she failed to demonstrate *prima facie* eligibility for relief. *See Jian Xing Huang*, 421 F.3d at 129 (stating that an applicant's well-founded fear claim based on U.S.-born children was "speculative at best" when he failed to present "solid support" that he

would be subject to the family planning policy upon his return to China).

Finally, we need not examine the argument that Huang and Chen are eligible to file successive asylum applications because, even assuming *arguendo* that they are eligible to file such applications, Chen failed to establish *prima facie* eligibility for relief and Huang did not file an independent successive asylum application before the BIA. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338–39 (2d Cir.2006) (discussing the futility of remand where the Court can confidently predict the agency's decision would not change on remand).

For the foregoing reasons, the petitions for review are DENIED. The pending motion for a stay of removal in these petitions is DISMISSED as moot.